UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| MĀUI AND HECTOR'S DOLPHIN DEFENDERS NZ INC., <br><br> *Plaintiff,* <br><br> v. <br><br> NATIONAL MARINE FISHERIES SERVICE et al., <br><br> *Defendants,* <br><br> GOVERNMENT OF NEW ZEALAND, <br><br> *Intervenor-Defendant.* | Case No. 1:24-cv-00218-JCG <br> Case No. 1:26-cv-00060-JCG <br><br> Before: Judge Jennifer Choe-Groves |

**PLAINTIFF'S SECOND STATUS REPORT**

Plaintiff Māui and Hector's Dolphin Defenders NZ Inc. (MHDD) respectfully submits this status report pursuant to the Court's order of February 6, 2026, ECF No. 30.

**I.   Background**

For years, Federal Defendants have been twiddling their thumbs in responding to the existential threat New Zealand's fisheries pose to Māui and Hector's dolphins, issuing unlawful comparability finding after unlawful comparability finding despite the CIT repeatedly holding that the findings violate the law. Now, Defendants are twiddling their thumbs in this case by finding every opportunity and excuse to delay this Court's consideration of the latest of their unlawful findings. All the while, imports from New Zealand fisheries that catch and kill Māui and Hector's dolphins in excess of U.S. standards continue to flow into the United States, causing irreparable harm to these imperiled populations and MHDD's interests in them.

MHDD is motivated by only one goal: to secure protection as soon as possible in order to prevent further irreparable harm to Māui and Hector's dolphins. As such, MHDD promptly moved for a preliminary injunction to protect both Māui and Hector's dolphins from harm while this case proceeds. The history of this litigation demonstrates why an injunction is necessary: in the nearly six years since Sea Shepherd first filed a case to ban imports from these fisheries, NMFS has issued three comparability findings (not including its remand findings in 24-cv-00218) that were either found wholly unlawful by the CIT or that, by NMFS's own admission, do not address this Court's rulings. The only respite Māui dolphins have received over that time was the preliminary injunction entered by Judge Katzmann. *Sea Shepherd N.Z. v. United States*, 606 F. Supp. 3d 1286 (Ct. Int'l Trade 2022). When Sea Shepherd dismissed its case following NMFS's publication of the 2024 comparability finding, Judge Katzmann warned, "Today's disposition, then, is far from bill of health for a species teetering on the brink of extinction. … At stake is nothing less than the survival of the Māui dolphin, which cannot be replaced." *Sea Shepherd N.Z. v. United States*, 723 F. Supp. 3d 1374, 1381 (Ct. Int'l Trade 2024). After MHDD challenged that comparability finding, Federal Defendants moved to stay the case for six months while they worked to produce a new comparability finding for the fisheries that would "take into account any new or readily available information obtained since the 2024 comparability finding." Mot. Stay Proceedings 3, No. 24-cv-00218, ECF No. 21. While the Court denied that motion, the end result of NMFS's supposed reconsideration was a September 2025 comparability finding that was little different from and just as unlawful and arbitrary as the 2024 finding.

Now, NMFS apparently would like five more months to take a fourth bite at the apple. *But see Corus Staal BV v. United States*, 29 C.I.T. 777, 783 (2005) (An agency cannot "simply ask for a do-over any time it wishes."), *aff'd*, 186 F. App'x 997 (Fed. Cir. 2006). Even putting

aside the skepticism that NMFS will produce a legally compliant comparability finding this time, MHDD and the dolphins they seek to protect cannot be left to face irreparable harm while NMFS continues to struggle to come into compliance with the law. For that reason, MHDD asks the Court to proceed with briefing and a prompt ruling on its pending motion for a preliminary injunction before any voluntary remand, stay, or other delay of this case.

At the first scheduled status conference held on February 3, the parties discussed the possibility of a "limited" voluntary remand to allow NMFS to apply new information it had received on the West Coast North Island Fisheries to the South Island Fisheries also challenged by MHDD. Transcript at 19, 35. Counsel for Defendants indicated that the agency had already taken this information into consideration for the West Coast North Island Fisheries, and a remand "would just be a matter of applying the analysis … to the newly challenged fisheries rather than reinventing the wheel." *Id.* at 35. Counsel for Defendants also emphasized that this process would not be "as lengthy or as burdensome as the original [three-month[1]] remand redetermination" in Case No. 24-00218. *Id.* Counsel for MHDD indicated that while MHDD could consider agreeing to a voluntary remand, it would likely need to press for interim injunctive relief. *Id.* at 32. MHDD emphasized its priority to avoid any "long, drawn-out [remand] process." *Id.* at 34. The Court asked the parties to confer about a mutually agreeable remand process to bring back to the Court at the next status conference.

---

[1] The Court originally ordered a remand reconsideration period of 90 days (from August 26, 2025, through November 24, 2025). Order & Op. 42, No. 24-cv-00218, ECF No. 41. While the Court extended this deadline to January 6, 2026, 3rd Am. Scheduling Ord., No. 24-cv-00218, ECF No. 55, it did so in response to Federal Defendants' stay request due to the lapse in federal appropriations in Fall 2025. Defs. Mot. Stay All Deadlines in Light of Lapse of Appropriations, No. 24-cv-00218, ECF No. 44. Federal Defendants indicated that they were "prohibited from working" during the extent of the 43-day lapse, *id.* at 2, and thus the remand consideration period was effectively 90-days despite the extended deadline.

During the course of the subsequent discussions, it became clear that the parties are far apart on the length of any potential voluntary remand process. MHDD does not believe the parties will be able to agree on a remand process that also involves withdrawal of MHDD's preliminary injunction motion. However, if the Court orders interim injunctive relief, that would alleviate MHDD's concerns about irreparable harm during a voluntary remand. In that situation, MHDD believes it would be in the interest of judicial economy for the parties to mutually agree on a reconsideration process to avoid or minimize the likelihood that MHDD would need to challenge the comparability findings produced as a result of that process.

A voluntary remand to NMFS could follow very different processes. It could be limited—as the parties discussed at the February 3 status conference—whereby NMFS simply determines whether its September 2025 findings still stand or should be terminated in light of the information NMFS has acquired since then. NMFS has already made that decision for the West Coast North Island fisheries in its confidential remand findings in Case No. 24-cv-00218, so this limited remand process would be restricted to only the South Island set net and trawl fisheries; plus publishing the findings for the North Island fisheries. Alternatively, a remand could be a comprehensive process to develop new comparability findings based on new analyses, requests for additional information from the harvesting nation, and a new determination. A process resembling the latter will likely require far greater time and agency resources than the former. As MHDD's counsel stated at the February 3 status conference, interim injunctive relief will be necessary to protect against irreparable harm during such a drawn-out process. Further, if NMFS feels that new analyses, additional information, and new explanations are necessary before it can lawfully issue new findings, that necessarily means that it lacked "reasonable proof" and sufficient analysis to support its September 2025 comparability findings and, accordingly, that

the findings on which Federal Defendants are currently relying are unlawful. *See* 16 U.S.C. § 1371(a)(2)(A); 50 C.F.R. § 216.24(h)(6)(i). The MMPA and APA do not permit the agency to rely on comparability findings when NMFS failed to conduct legally required analysis, lacked adequate information to justify the decisions, and/or failed to provide required explanations at the time it issued its original decisions. And the MMPA does not allow for imports in the absence of a valid comparability finding. Interim injunctive relief is necessary in that situation.

II.     **Proposed Schedule for Case No. 26-cv-00060**

While MHDD could agree to a limited, short-term remand (<2 months) without interim injunctive relief, the parties have been unable to reach agreement on such a process.[2] Accordingly, a preliminary injunction is needed in order to prevent further harm to imperiled dolphins and MHDD's interests in them during any lengthier remand or during regular proceedings in this case. For this reason, MHDD respectfully asks the Court to resume briefing on the motion for a preliminary injunction to resolve the motion promptly. MHDD has filed an opposition to Federal Defendants' motion (ECF No. 18) to extend their response deadline on the preliminary injunction motion. MHDD proposes the following briefing schedule:

| Action | Deadline | Explanation |
|---|---|---|
| Responses to MHDD's Motion for a Preliminary Injunction | March 3, 2026 | MHDD filed its motion for a preliminary injunction on January 30, 2026. Under the CIT rules, a response would be due February 20, 2026. On February 5, the Court granted parties' joint request request to stay all deadlines through February 16—eleven days. Therefore, the March 3 deadline reflects the 21-day default response time under the CIT rules plus eleven additional days due to the stay. |

---

[2] Assuming NMFS once again grants comparability findings for all of the fisheries following the remand, MHDD would amend its complaint, refile a motion for a preliminary injunction, and move to expedite proceedings on the preliminary injunction motion. MHDD would agree to this short-term remand in the interest of facilitating this Court's review of a single record.

|  |  | MHDD welcomes the Court's suggestion during the February 3 status conference that it may expedite briefing on the motion. |
|---|---|---|
| MHDD's Reply in Support of Motion for a Preliminary Injunction | March 10, 2026 | MHDD will file a reply no later than seven days after any oppositions to its motion are filed. |

While the default schedule under the CIT rules would extend briefing beyond a March 3 date for a potential hearing, MHDD is prepared to argue their preliminary injunction motion before the Court on March 3, if the Court decides to set an expedited briefing schedule. As discussed above, MHDD believes it is important to obtain prompt injunctive relief.

This proposed schedule would not preclude Defendants from filing a motion for voluntary remand. In that event, MHDD would take a position on the motion after reviewing the details of the proposal and the justification. *See* USCIT R. 7(b) (requiring requests for relief be made by motion). However, unless circumstances change, MHDD asks the Court to rule on its preliminary injunction motion before granting any voluntary remand, stay, or other extension request. Federal Defendants have asked the Court to stay all deadlines in Case No. 26-cv-00060 in their status report, but have not yet filed any motion—nor indicated plans to file any motion—requesting a stay. They accordingly have not met their legal burden to obtain a stay. *See Novolipetsk Steel Pub. Joint Stock Co. v. United States*, 474 F. Supp. 3d 1354, 1358 (Ct. Int'l Trade 2020) (holding Defendants seeking a stay "must make out a clear case of hardship or inequity in being required to go forward" if "there is even a fair possibility that a stay will do damage to the opposing party" (cleaned up) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)); *see also Nken v. Holder*, 556 U.S. 418 (2009) (holding lower court erred by failing to apply appropriate stay factors). Further, as Federal Defendants have indicated that they will file a motion to dismiss in this case regardless of the outcomes in Case No. 24-cv-00218, MHDD asks

that any such motion to dismiss not delay the resolution of MHDD's motion for a preliminary injunction.

### III. Proposed Schedule for Case No. 24-cv-00218

Defendants have indicated that they will not agree to any stipulated dismissal without prejudice and would oppose MHDD's motion to voluntarily dismiss without prejudice. As MHDD raised in its last status report (and Defendant has not addressed), a ruling in favor of Defendants' motion to dismiss would produce the same result as granting MHDD's voluntary motion to dismiss: dismissal without prejudice. As a result of Defendants' unwillingness to agree to a stipulated dismissal without prejudice, the parties and the Court are forced into a situation where it apparently is necessary to complete briefing on Defendant's motion to dismiss for the sole purpose of deciding which rule should be the basis for the Court's dismissal without prejudice: Rule 12 or Rule 41. MHDD believes it would be more efficient for the parties to stipulate to voluntary dismissal without prejudice, which would not require the Court to first consider questions of subject matter jurisdiction. However, MHDD has filed a motion for voluntary dismissal and is prepared to proceed with briefing on that motion as well as Defendants' motion to dismiss, if necessary. MHDD's only resistance to proceeding with briefing on Defendant's motion to dismiss is a desire to avoid needless and duplicative briefing. If the Court denies Defendants' motion to dismiss, MHDD would still seek voluntary dismissal without prejudice of Case No. 24-cv-00218 and the parties presumably would still need to litigate the Court's jurisdiction in Case No. 26-cv-00060. And if the Court grants Defendants' motion to dismiss, Defendants have confirmed that the parties will need to litigate the Court's jurisdiction in Case No. 26-cv-00060 regardless. Contrary to Defendants' assertions, a resolution of jurisdiction in Case No. 24-cv-00218 will not resolve all, or even some, of the jurisdictional issues in Case No. 26-cv-00060. If the Court dismisses the case on mootness grounds, it may not

even reach the standing issues. And even if it does address standing in Case No. 24-cv-00218, Case No. 26-cv-00060 involves different fisheries, a completely different subspecies, and new standing declarations.

Given the current impasse, MHDD's continued desire to reach an agreement on a stipulated dismissal with Federal Defendants, and the lack of urgency to dismiss the 2024 case—in contrast to resolving the preliminary injunction motion in Case No. 26-cv-00600—MHDD proposes delaying all briefing in Case No. 24-cv-00218 until after briefing on its motion for a preliminary injunction is completed.[3]

Additionally, MHDD asks that Defendants immediately file a redacted, nonconfidential version of the remand findings that they filed under seal in this case on January 6, 2026, in order to comply with the CIT Rules. *See* USCIT Rs. 5(g), 81(h).

Respectfully submitted this 11th day of February, 2026.

/s/ Sabrina Devereaux
Sabrina Devereaux
Christopher Eaton
Earthjustice
810 Third Ave., Suite 610
Seattle, WA 98104
T (206) 343-7340
sdevereaux@earthjustice.org
ceaton@earthjustice.org

Natalie Barefoot
Earthjustice
180 Steuart St. #194330
San Francisco, CA 94105
T (415) 217-2000
nbarefoot@earthjustice.org

---

[3] MHDD is prepared to file a motion requesting a stay to this effect when the current stay period in this case expires, on February 18.

*/s/ Brett Sommermeyer*
Brett Sommermeyer
Catherine Pruett
Law of the Wild
7511 Greenwood Avenue North, #4214
Seattle, WA 98103
T (206) 774-0048
brett@lawofthewild.org
catherine@lawofthewild.org

*Attorneys for Plaintiff Māui and Hector's Dolphin Defenders NZ Inc.*

9

## CERTIFICATE OF COMPLIANCE

This document complies with the word count limitations as provided for in the Court's Standard Chambers Procedures 2(B) because it contains 2,367 words, excluding the parts of the brief exempted by Standard Chambers Procedures 2(B)(1)(c).

*/s/ Sabrina Devereaux*
Sabrina Devereaux
