# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| MAUI AND HECTOR'S DOLPHIN DEFENDERS NZ, INC., | )<br>)<br>) |
| Plaintiff, | ) |
| v. | ) Court Nos. 1:26-cv-00060-JCG;<br>) 1:26-cv-00060-JCG |
| NATIONAL MARINE FISHERIES SERVICE, et al., | )<br>) |
| Defendants, | ) |
| GOVERNMENT OF NEW ZEALAND, | ) |
| Defendant-Intervenor. | ) |

## STATUS REPORT OF DEFENDANTS AND DEFENDANT-INTERVENOR

Defendants, the National Marine Fisheries Service (NMFS), Eugenio Piñeiro Soler, in his official capacity as Assistant Administrator for NMFS, Howard Lutnick, in his official capacity as Secretary of Commerce, Scott Bessent, in his official capacity as Secretary of the Treasury, and Kristi Noem, in her official capacity as Secretary of Homeland Security, and defendant-intervenor, the Government of New Zealand (GNZ), respectfully file this status report pursuant to the Court's oral directive at the status conference held on February 11, 2026.

Despite best efforts, the Government remains unable to reach a settlement in principle with plaintiff, Maui and Hector's Dolphin Defenders NZ, Inc. (MHDD), to adjudicate Case No. 26-cv-00060 (the 2026 Proceedings) and Case No. 24-0218 (the 2024 Proceedings) based on the framework discussed with the Court in the status conferences on February 3, 2026, and February 12, 2026.

On Thursday, February 12, 2026, shortly after the status conference, the Government sent a proposal to MHDD that, following that discussion, was meant to resolve the differences between the time periods for remand proposed by the parties and included the following terms[1]:

- The Government would agree to take a voluntary remand of the 15 fisheries identified in the complaint in the 2026 Proceedings for additional analysis, reconsideration, and consolidation of all record materials.
- The Government would agree to complete the remand for all 15 fisheries within three months and three weeks from the date of the Court's order entering the voluntary remand, but that MHDD would agree not to oppose a motion for extension of time for good cause to complete the remand of up to three weeks and would reserve the right to take any position on any motion for extension exceeding that time.
- MHDD would agree to withdraw its motion for preliminary injunction in the 2026 Proceedings.
- MHDD would agree to release all claims associated with the 2024 Proceedings.
- The parties would agree to jointly stipulate that the 2024 Proceedings be dismissed without prejudice.
- The Government would agree not to publish a Federal Register notice in connection with the January 6, 2026, remand redetermination in the 2024 Proceedings during the remand period.

The proposal also specified that the agreement be reduced to writing and include a provision that no rights would be waived by either party except those explicitly enumerated in that written agreement. Consistent with the discussion during the February 12, 2026, conference, the Government proposed a timeframe for a remand precisely in the middle of the positions of the parties during the conference, with an option for the Government to seek a brief extension without opposition.

MHDD did not provide a counter-proposal or a meaningful response to the Government's proposed terms until the morning of Tuesday, February 17, 2026. In its counter-proposal, MHDD materially changed nearly every one of the terms that had been discussed with the Court on February 12, 2026, despite its previous representations that the only disagreement was over

---

[1] The Government expressly reserves the right to take positions contrary to these proposed terms in the 2024 and 2026 Proceedings, and in any other matter, in the event that the parties are unable to reach a settlement agreement reduced to writing.

2

the length of the remand period. Even if those material changes were acceptable to the Government—and they are not—the Government is unable to reach settlement in principle prior to the 5:00 pm deadline this Court set for providing a status report.

Accordingly, the Government reiterates the briefing schedule proposed in its status report dated February 11, 2026 (2024 Proceedings, ECF No. 71; 2026 Proceedings, ECF No. 37) for the reasons stated therein, which are incorporated by reference, as well as the additional reasons below.

The Court should resolve the motion to dismiss in the 2024 Proceedings, extend any related deadlines for that motion, and stay all other pending deadlines in both matters. The scheduled March 3, 2026, argument should be cancelled with respect to the motion to alter or amend judgment and the remand redetermination and postponed with respect to the motions to dismiss until briefing on those motion has been completed. Accordingly, the Government proposes the following schedule for the 2024 Proceedings:

| 2024 Proceedings | | |
|---|---|---|
| Event | Third Amended Schedule | Proposed Due Date |
| Remand Record | January 9, 2026 | Stayed |
| Public Redacted Remand Reconsideration | January 13, 2026 | Stayed |
| MHDD's Response to Government's Motion to Dismiss | January 13, 2026 | February 18, 2026 |
| Remand Comments | January 30, 2026 | Stayed |
| Reply in Support of Government's Motion to Dismiss | February 3, 2026 | March 11, 2026 (or 21 days the filing of a Response) |
| Response to MHDD's Motion for Voluntary Dismissal | N/A | March 24, 2026[2] |

---

[2] MHDD filed its motion to voluntarily dismiss the 2024 Proceedings on February 11, 2026 (ECF No. 72). The Government believes this belated motion should be construed as a response to the Government's outstanding motion to dismiss filed on November 24, 2025 (ECF No. 51). However, if not construed as a response, then the Government should be afforded the full time to respond permitted under USCIT R. 7(d). As the deadlines in this action were stayed until February 17, 2026, the 35-day period under USCIT R. 7(d) expires on March 24, 2026.

3

| Comments in Support of Remand | February 23, 2026 | Stayed |
| Oral Argument | March 3, 2026 | Postponed |

Although the Court and MHDD have referenced expediting its motion for preliminary injunction in the 2026 Proceedings, there is no basis to do so. Motions to expedite are generally governed by Rule 3(g) of the Rules of this Court (USCIT R.), which provides, in relevant part that the Court may expedite any action that the Court "determines, based on motion and for good cause shown, warrants expedited treatment." USCIT R. 3(g)(5). This Court has relied on the following factors to determine whether good cause for expediting relief exists: "[1] in a case in which failure to expedite would result in mootness or deprive the relief requested of much of its value, [2] in a case in which failure to expedite would result in extraordinary hardship to a litigant, or [3] actions where the public interest in enforcement of the statute is particularly strong." *Eteros Techs. USA, Inc. v. United States*, 774 F. Supp. 3d 1358, 1360 (Ct. Int'l Trade 2025) (quotation marks and citation omitted).

MHDD has not moved to expedite and has not demonstrated that any of those factors are met. MHDD continuously asserts that "the only respite Māui dolphins have received . . . was the preliminary injunction entered by Judge Katzmann" between November 2022 and April 2024, MHDD's Status Report at 2, 2024 Proceedings (Feb. 11, 2026), ECF No. 71. But during the entire course of that injunction (and since), fishing from each of the fisheries challenged in these overlapping actions continued under the same conditions as before, as MHDD acknowledges. *See, e.g.*, Declaration of Christine Rose ¶ 68, 2026 Proceedings (Jan. 30, 2026), ECF No. 17-12 (Rose 2026 Decl.) ("Despite the increased knowledge of the elevated bycatch rate levels, the New Zealand government has not issued any new regulations designed to reduce bycatch since 2020—a critical next step, all while Māui and Hector's dolphin populations continue to decline."). According to MHDD's expert, "[a]s long as set net and trawl fishing continues within

the dolphins' range, the subspecies are at significant risk of extinction." Declaration of Elisabeth Slooten, Ph.D ¶ 26, 2026 Proceedings (Jan. 30, 2026), ECF No. 17 (Slooten 2026 Decl.).[3]

MHDD does not, and cannot, seek an elimination of set net and trawl fishing in New Zealand or even additional regulations on the challenged fisheries—it simply seeks the closure of a single export market for those fisheries. Whether or not this would or could have *any* effect on the rate of commercial fishing in New Zealand depends entirely on the actions of third parties far outside the jurisdictional reach of this Court. In the context of these highly attenuated wishes and dreams, it is impossible to conclude that any of the factors to establish good cause could be met.

Further, any purported urgency has been caused by MHDD's own procrastination. Despite knowing for nearly a year that new comparability findings would be submitted to the Federal Register by September 1, 2025, MHDD waited a full four months to file a new complaint challenging those 2025 Comparability Findings. It then voluntarily sought to stay deadlines in both cases, before finally getting around to filing a motion for preliminary injunction another month later, which it followed with another motion to stay. MHDD's sole basis for opposing the Government's motion to stay is that the Government should have been working on a response to its motion while deadlines in the 2026 Proceedings were stayed and before MHDD had effected service on the Government, allowing this Court to finally exercise its jurisdiction over the defendants. The Court should not reward MHDD for its own dilatory tactics.

---

[3] The GNZ does not agree with any of the characterizations in the above-cited declarations, and it is unable to take any position at this time on whether it would take any action if the Court ordered an import ban, including the requirement that it comply with specified processes that it would be required to follow under GNZ law in order to effect any change in its current measures related to fishing in the 15 fisheries at issue in the 2026 case.

5

If the Court is not inclined to stay briefing in the 2026 Proceedings, the Government proposes the following schedule, consistent with its outstanding motion for extension (2026 Proceedings, ECF No. 18).[4]

| Case No. 26-060 | | |
|---|---|---|
| Event | Original Due Date | Proposed Due Date |
| Response to Motion for PI | February 20, 2026 | April 6, 2026 |
| Responsive Pleading | April 6, 2026 | April 6, 2026 |

                Respectfully Submitted,

                BRETT A. SHUMATE
                Assistant Attorney General

                PATRICIA M. MCCARTHY
                Director

                /s/Agatha Koprowski
                AGATHA KOPROWSKI
                Trial Attorney
                U.S. Department of Justice Civil Division
                P.O. Box 480, Ben Franklin Station
                Washington, D.C. 20044
                Tel: (202) 507-6081
                Email: agatha.koprowski@usdoj.gov

                *Attorneys for Defendants*

---

[4] MHDD served the United States on February 3, 2026, the morning after the Government filed its motion for extension of time. Accordingly, the portion of the Government's motion for extension seeking an order for MHDD to serve the United States has been rendered moot. Under USCIT R. 12(a)(1)(A), the Government's responsive pleading is due on April 6, 2026.

/s/Warren E. Connelly
Warren E. Connelly
Robert G. Gosselink
Kenneth N. Hammer
Trade Pacific PLLC
700 Pennsylvania Avenue, SE
Suite 500
Washington, D.C. 20003
Phone: 202-223-3760
wconnelly@tradepacificlaw.com

*Counsel for the New Zealand Government*

7